UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondent. | No. 2:18-cv-0507-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks leave to proceed in forma pauperis. ECF No. 7. He will be granted leave to proceed in forma pauperis. The request is granted, but his habeas petition fails to raise a cognizable federal claim and must be dismissed.

### Motion to Proceed In Forma Pauperis

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit and his application is granted.

### Screening

I. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"
Rule 4 Governing Section 2254 Cases.

II. Analysis

Petitioner is a state prisoner challenging a guilty determination rendered at a prison disciplinary hearing. ECF No. 1 at 2. He appears to argue, though his petition is difficult to parse, that his due process rights were violated insofar as he was not allowed to: (1) attend the hearing; (2) call witnesses in his defense; or (3) confront his accuser. *Id.* Certain due process rights do attend prison disciplinary hearings. For instance, prisoners have the right to "call witnesses and present documentary evidence in his defense when permitting [them] to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonell*, 418 U.S. 539, 566 (1974). In the context of federal habeas proceedings, however, the Ninth Circuit has held that a state prisoner's claim challenging a disciplinary violation does not fall within "the core of habeas corpus" unless success on the merits of the claim would "necessarily lead to immediate or speedier release" as a result of the expungement of the challenged disciplinary violation. *Nettles v. Grounds*, 830 F.3d 931-35 (9th Cir. 2016) (en banc). Where a prisoner's claim does not fall within the ambit of a federal habeas action, it must be brought, if at all, under section 1983. *Id.* at 931, 934.

Petitioner does not explicitly indicate whether the expungement of the challenged disciplinary would necessarily lead to his speedier release. One of the attached exhibits is telling, however. There, it indicates that plaintiff is serving a life sentence with the possibility of parole. ECF No. 1 at 59. Thus, it appears that, at best, the reversal of petitioner's adverse disciplinary finding and restoration of his good-time credits would result in a speedier *opportunity* for parole review. Thus, post-*Nettles*, these claims may not proceed as a habeas action.

The only remaining question is whether to construe this action as a civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936. The court finds that such conversion would not be appropriate in this instance. Petitioner clearly presents his claims in the habeas corpus context and no proper civil rights defendant is

identified in the petition.  Additionally, the filing fee for a civil rights action is significantly higher than a habeas petition – 350 dollars versus 5 dollars.  Thus, the court recommends dismissing this petition for failure to state a cognizable claim.  The dismissal of this action without prejudice will afford petitioner the opportunity to decide for himself whether to pursue these claims in a civil rights action.

### III. Conclusion

For the reasons stated above, petitioner's application to proceed in forma pauperis (ECF No. 7) is GRANTED.  Further, it is HEREBY RECOMMENDED that the petition (ECF No. 1) be DISMISSED without prejudice for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE